In Part II of the majority opinion, the majority concludes that this "conviction must be reversed because the trial judge failed to respond to the confusion expressed by the jury over the question of Deutcsh's legal and criminal liability for the actions of others." I disagree.
After the jury had been deliberating for approximately two hours, the jury returned to the courtroom and the following occurred:
 "[FOREMAN]: I don't know what I can ask, or what, because there's been so much statement as to who can say what and how you say it, and everything.
 "One of the questions that has arisen is did — there's a point here — did the defendant actually order these things to be done, or — I'm having a real problem with the verbiage here as to how to get — or did the actions of people under his command, if that was the case — . . . somebody in the jury said that they heard that through other people's actions the Chief could be held accountable and found guilty of these charges. *Page 1236 
 "That's where we're having a problem. Is that the case?
 "THE COURT: Well, here again, I have to rely on your individual recollections. I want you to rely on your individual recollections as to what the evidence was.
 "I do not intend, nor can I, comment on any portion of the evidence, and as to what the evidence was, I'm repeating myself, I have to leave it up to your individual recollections.
 "That's one reason, now, when you get to another point in your question, in reading the charges, verbatim, from the statute, I have to rely on your individual recollections as to what the Court charged you in its entire charge.
"Does that —
 "[FOREMAN]: Now, that was your entire statement from —
"THE COURT: — from the very beginning.
"[FOREMAN]: — from the very beginning.
 "THE COURT: From the time I read the indictment and the more specific statement to you, all the way through.
 "[FOREMAN]: Would you, for clarification . . . do that again?
 "THE COURT: Will you gentlemen approach the bench, please. (Bench conference held, out of hearing of court reporter.)
 "THE COURT: Ladies and gentlemen, I'll have to rely upon your individual recollections as to what the Court charged you.
 "Now, each one of you can discuss with the others everything that was — as far as the evidence was concerned or as far as the law was concerned, [what] the Court has charged you on. It doesn't have to be just one person. In fact, each one of you are separate individuals, and entitled to your own opinion.
"You may retire for further deliberations."
(R. 1428-32.) The jury then resumed its deliberations for 12 minutes before going to lunch. The jury's verdict was delivered eight minutes after it returned from lunch. It appears from the supplemental record that defense counsel objected to the trial court's failure to give additional instructions that were requested by the jury foreman but that counsel's objection was not recorded by the court reporter. Almost one year after the trial, a hearing was held to supplement the record to include defense counsel's objections and the trial court's ruling on his objection. At this hearing, the following occurred:
 "[MR. BOWEN (defense counsel):] We also at that time objected to the court's oral charge regarding aiding and abetting and complicity.
". . . .
 "And we objected concerning his oral charge on conspiracy and complicity in that it was confusing.
". . . .
 "After the jury began deliberating, they came out with a question and told the Court that they were having a hard time discerning the difference between count one and count two. And we all agreed at that time that the court could reread the statute, [13A-10-12(a)(1) and (2)] that was charged in the two counts.
 "Judge Jasper did that, he read the statute to them verbatim again. And I am not sure if at that point or a later point, but at one point after that they came back and said, 'that really doesn't help us, we have got a problem in that somebody here on the jury, or some of the jurors are saying that the defendant can be convicted because the people [who] did do something worked for him,' or words to that effect.
 "Judge Jasper calls us to the bench and said, 'If y'all want me to, I will reread the whole — regive my complete oral charge.' And as I recall, Mr. Brown — this is not on the record either — another one of those instances where the court reporter says outside of her presence and hearing.
"MR. WHITE: Page 1431 of the transcript.
 "MR. BOWEN: Mr. Brown says that that's okay with the State to reread the whole charge. And we objected to it and told the Judge that they were apparently *Page 1237 
having a problem with — what they perceived to be the vicarious liability on the part of the defendant and that that needs to be cleared up. But we objected to just giving the whole oral charge.
"THE COURT: Yes.
 "MR. BOWEN: And the Judge elected not to do anything. He just told them to rely on their recollection of the charge and go back and deliberate.
 "And after that, they got a verdict in about fifteen or twenty minutes, to the best of my recollection."
S.R. 7-11.
Rule 22.2, A.R.Crim.P. states:
 "After the jurors have retired to consider their verdict, if they request to have any testimony repeated, or if they or any party requests additional instructions, the court may recall the jurors to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. Such testimony may be read or such instruction given only after notice to the parties."
As Judge Patterson noted in Jackson v. State, 581 So.2d 553,559 (Ala.Crim.App. 1991), "[Rule 22.2] . . . is permissive rather than mandatory as evidenced by the use of the word 'may.' " Therefore, the trial judge, in his discretion, should decide when additional instructions are necessary.
The following portion of the record contains the trial court's instruction on Deutcsh's criminal liability for the conduct of others:
 "And, ladies and gentlemen, it is my duty to charge you on the law of complicity in the State of Alabama.
 "A person is legally accountable for the behavior of another, or others constituting a criminal offense, if, with the intent to promote or assist in the commission of the offense, he aids or abets such other person or persons in committing the offense.
 "It is not necessary to prove complicity by positive evidence, but the existence of the complicity may be inferred from the attendant circumstances of the act. All persons concerned in the commission of a misdemeanor, whether they directly commit the act constituting the offense, or aid and abet in its commission, must be punished as principals.
 "In order to hold that an individual is an accomplice, it is necessary that the State prove beyond a reasonable doubt and to a moral certainty that he aided and abetted in the offense. This comprehends all assistance rendered by act or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary.
 "The key elements of accomplice liability are encouragement or presence with a view to render aid should it become necessary. When liability is predicated on the latter, it is essential that the principal be aware of the accomplice's support and willingness to lend assistance.
 "And that, very simply, is what the law of complicity in the State of Alabama is."
----------
 "Thirteen. I charge you, ladies and gentlemen of the jury, that a person is legally accountable for the behavior of another person constituting a criminal offense if, with the intent to promote or assist in the commission of the offense, one, he procures, induces, or causes such other person or persons to commit the offense. Or, two, he aids and abets such other person in committing the offense. All persons concerned in the commission of an offense, whether they directly commit the act constituting the offense, or aid and abet in its commission, as I will define that term 'aid and abet' to you, are considered principals.
 "Before the defendant can be held criminally responsible for the act of others, it is necessary that the defendant intentionally associated himself in some way with the criminal venture, and intentionally participated in it as he would in something he wishes to bring about, that is to say, that the defendant intentionally *Page 1238 
seeks by some act to make the criminal venture succeed.
 "Of course, mere presence at the scene of a crime, or knowledge that a crime has been committed, is not sufficient to establish that a defendant either directed or aided and abetted the crime, unless you find beyond all reasonable doubt that the defendant was a participant, and not merely a spectator.
 "In other words, you may not find this defendant guilty unless you find beyond a reasonable doubt that every single element of the offense as defined in these instructions was committed by some person or persons, and that this defendant intentionally participated in the commission of that offense.
 "I further charge you that the relationships and association between parties which are natural and reasonable in the ordinary events and circumstances of everyday affairs do not constitute evidence of complicity."
----------
 "Fifteen. I charge you, members of the jury, that if you are convinced beyond a reasonable doubt from the evidence that someone did unlawfully change, alter, or delete some governmental record as charged in this indictment, you cannot convict this defendant unless you are also convinced beyond a reasonable doubt by the evidence that this defendant knowingly and intentionally aided and abetted the commission of such an offense, as I have defined that term for you."
(R.1406-08, R. 1414-16)
Here, the trial judge in his oral charge thoroughly instructed the jury on the subject of a person's criminal liability based on the actions of others. He also gave a requested charge on this matter. Further, the trial court offered to report his entire charge to the jury but defense counsel chose not to pursue this remedy. Instead, defense counsel objected to the offer of the trial judge, and the trial judge chose not to give any additional instructions. The trial judge must have felt that reinstructing the jury on the complicity part of the charge alone would give "undue prominence" to that portion of the instructions.Jackson. After the trial judge told the jurors to rely on their recollection of the jury charge, the jurors did not ask for any further clarification. I do not believe the trial judge erred by refusing to reinstruct the jury on complicity and by telling the jurors to "rely on the their recollection of the charge."Jackson. Therefore, I respectfully dissent.